Argued and submitted March 9, reversed and remanded November 28, 1984, reconsideration denied February 15, petition for review allowed March 19, 1985 (298 Or 822)

See 299 Or 679, 705 P2d 1144 (1985)

SCOVELL,
*Plaintiff,*

*v.*

TRK TRANS, INC. et al,
*Defendants,*

*and*

TRK TRANS, INC.,
*Third-Party Plaintiff-Appellant,*

*v.*

STATE OF OREGON, OREGON TRANSPORTATION COMMISSION, HIGHWAY DIVISION,
*Third-Party Defendant-Respondent.*

(16-80-06182; CA A29387)

691 P2d 911

Richard A. Roseta, Eugene, argued the cause for appellant. With him on the briefs was Flinn, Brown & Roseta, Eugene.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In August, 1980, Scovell, as personal representative of his brother's estate, brought an action against TRK Trans, Inc. (TRK), for the wrongful death of his brother, who was struck and killed by a truck driven by a TRK employe in November, 1979. TRK filed a third-party claim against the State Transportation Commission, Highway Division (state), asserting in its fourth amended third-party complaint claims for contribution and common law indemnity. TRK alleged that the state was negligent in failing to warn motorists of the icy conditions existing at the time of the accident and in failing adequately to maintain or sand the highway on which the accident occurred, as a result of which TRK was entitled to contribution or indemnity for sums paid in settlement to Scovell.[1] It further alleged that it had complied with the notice requirement of ORS 30.275 by notifying the state in January, 1980, within the time that the injured plaintiff was required to give notice, giving details of the accident and advising that its claim for indemnity would be pursued. The trial court granted the state's motion to dismiss the fourth amended third party complaint for failure to state ultimate facts sufficient to constitute a claim for relief. TRK appeals from the resulting judgment. We reverse and remand.

The state contends that its motion to dismiss was properly granted on any one of three grounds: (1) TRK's claim is barred by the doctrine of sovereign immunity; (2) the original claimant's failure to give the state notice of his claim pursuant to ORS 30.275 precludes TRK from seeking contribution or indemnity, or (3) the allegations of the fourth amended third-party complaint are insufficient to support an action for contribution or indemnity. We address each contention separately.

■ The state contends that, although it has consented to be sued for its torts and those of its agents, ORS 30.260 *et seq,* it has not consented to be sued in an action for contribution, because that is not a tort action. Therefore, it argues, this action is barred by the doctrine of sovereign immunity.

---

[1] Scovell and TRK agreed to a settlement of $216,000, and on December 16, 1982, the trial court dismissed the action between them with prejudice. The third-party action between the state and TRK was unaffected by the settlement.

ORS 30.265(1) of the Tort Claims Act provides:

"*Subject to the limitations* of ORS 30.260 to 30.300, every public body *is liable* for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function * * *. * * *" (Emphasis supplied.)

That language is a general waiver of immunity for tort liability, subject only to specific classes of claims to which the waiver of immunity does not apply. *See* ORS 30.265(2) and (3). Claims for contribution are not among those to which the waiver does not apply.

The right of contribution among tortfeasors is provided by ORS 18.440(1), which provides:

"Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant."

It seems clear from the statute that the right of contribution arises out of tort liability; accordingly, an action asserting that right must be premised on the contributor's having committed a tort for which it is liable. Because the state has waived its immunity for tort liability, that liability is subject to the right of contribution under ORS 18.440.

However, the state contends that ORS 18.440 does not apply to it, because it is not a person within the meaning of the statute. It observes that the word "person" is not defined in the statutory scheme involving contribution. ORS 18.430 to 18.460. Accordingly, it turns to the general definition of "person," ORS 174.100:

"As used in the statute laws of this state, unless the context or a specially applicable definition requires otherwise:

"* * * * *

"(4) 'Person' includes individuals, corporations, associations, firms, partnerships and joint stock companies."

It argues that that definition does not include public bodies; therefore, ORS 18.440 is not applicable to it. We believe, however, that the context of ORS 18.440, applied to torts for

which the state may be liable under the Tort Claims Act, "requires otherwise."

To accept the state's argument would preclude it from seeking contribution or indemnity under ORS 18.440 when it is the only named tortfeasor in an action by the injured party. Thus, if an injured claimant chooses to sue either the state or a private party, and not both, regardless of the degree of responsibility of the chosen defendant, there could be no right of recovery in an action for contribution or indemnity. We do not believe that the legislature intended such an anomalous result.[2] As Judge Cardozo stated in *Anderson v. John L. Hayes Construction Co.,* 243 NY 140, 147, 153 NE 28 (1926):

> "* * * The exemption of the sovereign from suit involves hardship enough where consent has been withheld. We are not to add to its rigor by refinement of construction where consent has been announced."

We turn now to the question of whether the original plaintiff's failure to give the state the notice required by ORS 30.275 precludes a claim for contribution or indemnity by a third-party plaintiff who did give such notice within the time required of the injured plaintiff. ORS 30.275 provides, in pertinent part:

> "No action arising from any act or omission of a public body or an officer, employe or agent of a public body * * * shall be maintained unless notice of claim is given as required by this section."

Although that statute does not specifically provide that notice must be given by the original plaintiff, the state contends that we interpreted it as so requiring in *Leonard v. State Highway Dept.,* 52 Or App 923, 630 P2d 885, *rev den* 291 Or 662 (1981). There, the plaintiff had brought an earlier action against several private parties, one of whom gave the statutory notice to the state and joined the state as a third-party defendant,

---

[2] The Oregon Tort Claims Act, ORS 30.260 *et seq,* was modeled after the Minnesota Claims Act, Minn Stat §§ 466.01 to 466.15 (1965), which, in turn, was derived from the Federal Tort Claims Act, 28 USC §§ 2671 to 2680 (1964). *See* Lansing, *The King Can Do Wrong! The Oregon Tort Claims Act,* 47 Or L Rev 357, 359 (1968). In *United States v. Yellow Cab Co.,* 340 US 543, 71 S Ct 399, 95 L Ed 523 (1951), the United States Supreme Court held that, by enacting the Federal Tort Claims Act, the United States had consented to be sued by a joint tortfeasor in an action for contribution.

claiming a right of contribution and damages. In that action, the plaintiff did not make a claim against the state. The jury determined that the state was 90 percent negligent. The plaintiff then sued the state, which contended that the plaintiff had not given the statutorily required notice. She relied on the notice given by the third-party plaintiff in the original action. We held that she could not do so, because that notice was not of a tort claim being made against the state by the plaintiff. In reaching that conclusion, we said:

> "* * * The notice in this case apprised defendant of the facts and circumstances of an accident, that plaintiff claimed damages against Cummings and that Cummings intended to seek indemnity and contribution from defendant in the event it was found liable to plaintiff. The notice did not notify defendant of any claim by plaintiff against it or of plaintiff's intent to make any claim. In the absence of such notification, defendant did not receive notice of a *tort claim* being made against it by plaintiff prescribed by ORS 30.275. Defendant had no opportunity to investigate the facts pertinent to *plaintiff's claim* or seek a settlement of *plaintiff's claim* prior to institution of any litigation, because it had no indication that any such claim was being made by plaintiff. * * *" (Emphasis in original.) 52 Or App at 929.

*Leonard* holds that the injured party may not rely on a notice given by a third-party plaintiff to support the injured party's claim. Each claim is treated separately and must be initiated by the proper statutory notice given by the person holding the claim. Here, the state was given timely notice of TRK's claim, and there is no contention that the notice provided was defective in any respect. Because the state had a full opportunity to investigate TRK's claim and to negotiate for its settlement, we conclude that the notice given satisfies ORS 30.275. *See Brown v. Portland School Dist. #1,* 291 Or 77, 82, 628 P2d 1183 (1981); *Urban Renewal Agency v. Lackey,* 275 Or 35, 41, 549 P2d 657 (1976). To hold otherwise would allow the original plaintiff to defeat a third-party claim for contribution by neglecting, intentionally or unintentionally, to give the required notice to the public body.[3]

---

[3] Our holding is consistent with cases in other jurisdictions that have considered the question whether a third-party plaintiff may maintain a tort action for contribution where the original plaintiff has failed to provide statutory notice. *See, e.g., White v. Johnson,* 272 Minn 363, 137 NW2d 674 (1965); *Royal Car Wash Co. v. Mayor and Council of Wilmington,* 240 A2d 144 (Del 1968).

■     The state also argues that TRK cannot maintain the action for contribution because ORS 18.440(1) requires that joint tortfeasors be liable to the plaintiff.[4] Thus, the state argues, it is not liable to this plaintiff, because he did not give it the statutorily required notice under the Tort Claims Act. We disagree. In *Miller v. City of Portland,* 288 Or 271, 604 P2d 1261 (1980), the Supreme Court suggested that ORS 18.440 requires common liability in tort at the time the injured plaintiff's cause of action accrues, not when the contribution action is commenced. The court stated that the third-party defendants could only be liable in an action for contribution if they "would have been liable to the original plaintiff, had she brought an action against them." 288 Or at 274. Because the court concluded that the original plaintiff could not have maintained an action against the third-party defendant, it denied the city's claim for contribution.

In *Transport Indemnity Co. v. BB & S, Inc.,* 63 Or App 392, 664 P2d 1115, *rev den* 295 Or 631 (1983), an insurer for one of the defendants paid the plaintiff's claim in full, obtained a judgment of dismissal against all of the defendants and then sought contribution from the other defendants. In concluding that the insurer was entitled to maintain the contribution action, this court specifically rejected the defendants' contention that, because a judgment had been entered dismissing them, they could no longer be considered "liable" to the plaintiff within the meaning of ORS 18.440(1). 63 Or App at 398.

Both *Miller* and *Transport Indemnity* tell us that, although a determination of a third-party defendant's liability for a claim for contribution requires an evaluation of whether it would have been liable to the original plaintiff, nothing in the statutory scheme of ORS 18.440 to 18.460 requires that the original plaintiff be able to maintain an action in tort against the third-party defendant at the time the contribution action is commenced.[5] ORS 30.275 bars only those "actions" for which no notice of claim has been given. Because TRK

---

[4] The last sentence of ORS 18.440(1) provides: "There is no right of contribution from a person who is not liable in tort to the claimant."

[5] In fact, ORS 18.450(5) specifically provides that the running of the statute of limitations applicable to a claimant's right of recovery against a tortfeasor will not bar a right of contribution from that tortfeasor.

provided the required notice of its claim, it is entitled to maintain its third-party action.

■ The state's final contention is that TRK's fourth amended complaint failed to state sufficient facts to support an action for contribution *or* indemnity. It first attacks TRK's failure to allege that the settlement between it and Scovell extinguished the state's liability to Scovell, as required by ORS 18.440(3).[6] As a matter of law, however, by the time of the settlement, the state had no liability to Scovell that could have been extinguished, because his claim was barred by ORS 30.275. Thus, the allegation was not essential here to state a claim for *contribution*.

■ The state is correct, however, in contending that TRK has failed to allege sufficient facts to support an action for indemnity. In *Page v. Cameron*, 33 Or App 441, 443-44, 576 P2d 837, *rev den* 283 Or 235 (1978), we stated:

"When one who has been or may be held liable for damages in tort seeks indemnity from another in the absence of a contract expressly providing for indemnity, he must plead and prove not only that the putative indemnitor was liable to the injured party, but also that '* * * as between the claimant and the defendant, the obligation ought to be discharged by the latter.' * * *

" '* * * The last requirement means that, although the claimant must have been legally liable to the injured third party, his liability must have been "secondary" or his fault merely "passive," while that of the defendant must have been "active" or "primary." * * *' " (Citations omitted.)

*See Fulton Ins. v. White Motor Corp.*, 261 Or 206, 493 P2d 138 (1972). Here, as in *Page*, the third-party plaintiff has failed to allege any relationship between itself and the state, or between its duty, fault or liability, if any, and that of the state which would entitle it to indemnity.

Reversed and remanded.

---

[6] ORS 18.440(3) provides:

"A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what is reasonable."