Argued and submitted October 21, 1998, reversed and remanded for judgment for appellant July 7, petition for review denied November 2, 1999 (329 Or 479)

Maria MITCHELL,
*Plaintiff,*

*v.*

Noralee SHERWOOD,
*Defendant.*

Noralee SHERWOOD,
*Third-Party Plaintiff - Respondent,*

*v.*

STATE OF OREGON,
acting by and through the
Oregon Department of Transportation,
*Third-Party Defendant - Appellant.*

(9511-08218; CA A96769)

985 P2d 870

Philip Schradle, Assistant Attorney General, argued the cause for appellant. On the briefs were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Erika L. Hadlock, Assistant Attorney General.

Ben Shafton argued the cause for respondent. With him on the brief was Morse & Bratt Law Firm.

Before Landau, Presiding Judge, and Wollheim, Judge, and Rossman, Senior Judge.

LANDAU, P. J.

Wollheim, J., concurring.

## LANDAU, P. J.

At issue in this case is whether the state may be held liable in contribution to a defendant/third-party plaintiff when the plaintiff in the underlying negligence action never filed a notice of intent to sue the state. We conclude that the state may not be held liable in contribution, because, under ORS 18.440(1), a party is liable in contribution only to the extent that it is liable in tort to the plaintiff in the underlying action.

The relevant facts are not in dispute. On November 9, 1993, Mitchell was injured in an automobile accident when Sherwood's car struck her. Sherwood's insurer apparently paid Mitchell for her injuries. On March 3, 1994, Sherwood's insurer sent a letter to the state advising that it intended to seek contribution for the damages it paid to Mitchell. Meanwhile, Mitchell brought an action against Sherwood for negligence. Sherwood filed a third-party complaint against the state, alleging that the state's negligent failure to paint a raised curb on the road where the accident occurred contributed to the accident. At no time did Mitchell send to the state a notice of intention to file a claim, nor did she ever file a claim against the state for damages resulting from the injuries she sustained in the November 9, 1993, accident.

The state moved for summary judgment on the ground that it was not liable in contribution to Sherwood, because it had no underlying liability to Mitchell. According to the state, it was not liable to Mitchell as a matter of law, because she never filed a tort claim notice. Sherwood filed a cross-motion for summary judgment, contending that the state was liable in contribution as a matter of law, because the March 3, 1994, notice that she sent to the state sufficed to satisfy any notice requirements as to a possible action by Mitchell against the state. The trial court agreed with Sherwood, but it denied both motions and allowed the matter to proceed to trial.

At trial, the state reasserted its contention that it could not be liable in contribution as a matter of law. The state and Sherwood stipulated that the trial court should decide all factual and legal questions related to that issue. A

jury determined that the state was 45 percent responsible for Mitchell's injuries. In accordance with the stipulation, the trial court then determined that Sherwood's notice to the state was sufficient to put the state on notice as to its liability to Mitchell, the plaintiff in the underlying action. The trial court entered judgment on Sherwood's contribution claim against the state.

On appeal, the state contends that the trial court erred in imposing liability in contribution against the state when there was no liability to Mitchell, the underlying plaintiff. The state contends that the precise issue was addressed, and resolved in its favor, in *Beaver v. Pelett*, 299 Or 664, 705 P2d 1149 (1985). Sherwood acknowledges *Beaver*, but contends that its holding has been undercut by subsequent changes in the pertinent statutes.

ORS 18.440(1) provides, subject to exceptions not relevant to this case:

> "[W]here two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant."

The issue in this case is whether the state is "liable in tort" to the claimant, that is, Mitchell. If not, then it is not liable in contribution to Sherwood. The state asserts that, because Mitchell failed to file a tort claim notice, it is not liable to her. Sherwood argues that the state's liability was fixed at the time of the accident and that Mitchell's failure to file a tort claim notice determined only whether she could have sued the state to collect on that liability.

The precise issue, indeed, was addressed in *Beaver*. The question in that case was whether the state could be held liable in contribution to a defendant in a tort case when the injured plaintiff had made no claim against the state and had given no tort claim notice, and the only claim or notice came from the defendant who sought contribution. The court began by noting that, under ORS 18.440(1), there can be no right of contribution against the state unless the state is liable to the

plaintiff in the underlying tort action. It then turned to the question whether the state, in fact, was liable.

The court observed that the version of the Tort Claims Act in effect at the time provided that the state "is liable for its torts and those of its officers, employe[e]s and agents acting within the scope of their employment or duties," subject to various statutory limitations. ORS 30.265(1) (1983). One of those limitations was ORS 30.275(1) (1983), which provided, in part:

> "Every person who claims damages from a public body or from an officer, employe[e] or agent of a public body acting within the scope of employment or duties for or on account of any loss or injury within the scope of [the Tort Claims Act] shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and of the representative or attorney, if any, of the claimant and the amount of compensation or other relief demanded."

The court held that, under the terms of ORS 30.265(1) (1983) and ORS 30.275(1), the state's liability is conditioned on the provision of the required notice within 180 days. The court expressly rejected as inconsistent with the language of those statutes the defendant's argument that liability attaches at the time of injury and that failure to comply with the notice requirements of the Tort Claims Act does not affect the state's liability, only the ability to bring an action for damages. The court further held that notice from someone other than the injured plaintiff—in that case, the defendant who sought contribution from the state—did not suffice to satisfy the notice requirements of the statute.

The facts of *Beaver* are—as Sherwood acknowledges—remarkably similar to the facts of this case. Sherwood nevertheless insists that *Beaver* is not controlling, because, in her view, the relevant statutes have changed in material respects.

First, Sherwood notes that, in 1985, the legislature amended ORS 30.265(1) to provide:

> "Subject to the limitations of ORS 30.260 to 30.300, every public body is [*liable*] **subject to action or suit** for

> its torts and those of its officers, employees and agents act-
> ing within the scope of their employment or duties."

Or Laws 1985, ch 731, § 31 (language in boldface added; bracketed, italicized language deleted). According to Sherwood, the substitution of "subject to action or suit" for "liability" means that the state's liability is no longer limited by the requirements of tort claim notice and that its liability now attaches as of the time of the accident, whether or not timely tort claim notice has been filed.

Sherwood's argument is a *non sequitur*. Merely because the legislature has determined that a tort claim notice acts as a condition to filing suit does not logically mean that the legislature accomplished the additional feat of affirmatively imposing liability on the state without adjudication or admission of liability. Indeed, if anything, the amendment works against Sherwood's purposes. The prior version of the statute stated that, if certain conditions were met, then the state would be "liable." The current version is more limited in scope and says only that, if certain conditions are met, then the state is merely "subject to action or suit."

Second, Sherwood notes that the legislature amended ORS 30.275 to provide, in part:

> "(1)   No action arising from any act or omission of a
> public body or an officer, employee or agent of a public body
> within the scope of ORS 30.260 to 30.300 shall be main-
> tained unless notice of claim is given as required by this
> section."

Significant to Sherwood is the legislature's deletion of language referred to by the Supreme Court in *Beaver*, requiring that notice be given by "every person who claims damages from a public body * * * for or on account of any loss or injury." It is that language, Sherwood contends, that led the court to conclude that notice must have been given by the injured person rather than by the contribution plaintiff. Further, Sherwood contends, because ORS 30.275(2)(d) now provides for "actual notice" of a claim, it matters not from whom the notice comes.

Again, we do not see how the changes help Sherwood. Even if the revised notice provisions permit a defendant in an injury claim to provide notice to the state of its tort causing the plaintiff's injury, notice does not equal liability. The fact that Sherwood could or did give the state notice of Mitchell's claim does not make the state jointly and severally liable *to Mitchell* as required by ORS 18.440(1), in the absence of a determination or admission of liability. ORS 18.440(1) remains as it was at the time of the Supreme Court's decision in *Beaver* and still provides that a right to contribution exists *"where two or more persons become jointly or severally liable* in tort for the same injury * * *. *There is no right of contribution from a person who is not liable in tort to the claimant."* (Emphasis added.) Thus, under the current law, as the court said in *Beaver*, the right to contribution is contingent on the state's joint and several liability with the person seeking contribution.

Third, Sherwood notes that ORS 30.260(8), added to the statute in 1985, now defines tort:

> "(8) 'Tort' means the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy."

In Sherwood's view, in light of the statute as amended, and contrary to the court's holding in *Beaver*, a claim for contribution is a tort, because it is a breach of a legal duty imposed by law, other than a duty arising from contract or quasi-contract. Accordingly, Sherwood asserts, she may bring her claim despite the absence of a claim against the state by Mitchell.

Even assuming, as Sherwood contends, that her claim for contribution should be regarded as a tort claim, the fact remains that her contribution claim must fail, because the state does not have joint and several liability to Mitchell, as required by ORS 18.440.

For the reasons we have explained, the trial court erred in denying the state's motion for summary judgment on Sherwood's claim. Accordingly, the judgment for Sherwood is

reversed and the case is remanded for entry of judgment for the state.

Reversed and remanded for entry of judgment for appellant.

**WOLLHEIM, J.,** concurring.

I agree with the majority's reversal of the trial court based on *Beaver v. Pelett,* 299 Or 664, 705 P2d 1149 (1985). However, if I were writing on a clean slate, I would affirm the trial court based on the reasoning set forth in *Beaver* by then Chief Justice Peterson's dissent. *Id.* at 675-78.