Argued and submitted March 19, affirmed June 6, 2001

# FUJITSU MICROELECTRONICS, INC.,
a California corporation,
*Plaintiff,*

*v.*

# LAM RESEARCH CORPORATION,
a Delaware corporation,
*Defendant.*

# LAM RESEARCH CORPORATION,
a Delaware corporation,
*Third-Party Plaintiff - Appellant,*

*v.*

# HARDER MECHANICAL CONRACTORS, INC.,
an Oregon corporation,
and Thomas Lee Leist,
*Third-Party Defendants - Respondents.*

9810-07687; A108732

27 P3d 493

Janet M. Schroer argued the cause for appellant. With her on the briefs were Marjorie A. Speirs and Hoffman, Hart & Wagner, LLP.

Peter R. Chamberlain argued the cause for respondents. With him on the brief was Bodyfelt Mount Stroup & Chamberlain.

Daniel C. Theveny argued the cause for *amicus curiae* Fujitsu Microelectronics, Inc. With him on the brief were

Cozen and O'Connor and Vicki Hopman Yates and Yates & Yates.

Before Linder, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

BREWER, J.

**BREWER, J.**

Lam Research Corporation (Lam) appeals from summary judgment in favor of Harder Mechanical Contractors, Inc., and its employee, Thomas Leist, (collectively, Harder) on Lam's claims for contribution, ORS 18.440, and common-law indemnity. Lam argues that the trial court erroneously relied on a contractual waiver provision in granting summary judgment to Harder. We review for errors of law, ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997), and affirm.

The facts are undisputed. Fujitsu Microelectronics, Inc., (Fujitsu) contracted with Technology Design and Construction Company (TDC) to design and build a semiconductor fabrication plant.[1] The written contract between Fujitsu and TDC included the following "waiver" provision:

> "13.5.1 [Fujitsu] and Contractor waive all rights of recovery against each other and all subcontractors of any tier for damages covered by property insurance, builder's risk insurance, loss of use insurance and any other property or casualty insurance provided under this Section 13, except such rights as a party may have to the proceeds of such insurance as a Loss Payee. Contractor shall require similar waivers from all subcontractors * * * and shall require each of them to include similar waivers in their sub-subcontracts and consulting agreements."

The waiver provision was part of an overall contracting scheme under which Fujitsu, TDC, and TDC's subcontractors mutually agreed to waive any right to recover damages arising from the work that was covered by insurance. In a written subcontract, TDC engaged Harder to "receive, unload, uncrate, wipedown (twice), transport, and set tools [at the plant]." Fujitsu purchased a wafer transport platform tool from Lam for $719,790, and Lam delivered the tool to the plant. In the course of unloading the tool, Leist attempted to lift it from a pallet with a forklift. The tool fell from the forklift and was severely damaged when it struck the concrete floor. The loss was covered by insurance and, therefore, Fujitsu was barred by the waiver provision from asserting

---

[1] Fujitsu is not a party to this appeal.

any claim against Harder. However, Lam was not subject to the contract between Fujitsu and TDC. Thus, Lam was not protected by the waiver provision.

Fujitsu filed an action against Lam for breach of contract and negligence, alleging that Lam had failed to package the tool properly to prevent damage in transit. Lam filed a third-party complaint against Harder for contribution and common-law indemnity. Harder moved for summary judgment against both third-party claims. Harder argued that the contribution claim was barred by ORS 18.440(1), which provides:

> "Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. *There is no right of contribution from a person who is not liable in tort to the claimant.*" (Emphasis added.)

In addition, Harder observed that, in order to obtain indemnity, Lam must establish, among other requirements, that Harder is liable to Fujitsu. *See Fulton Ins. v. White Motor Corp.*, 261 Or 206, 210, 493 P2d 138 (1972). According to Harder, the waiver provision contained in the agreement between Fujitsu and TDC insulates Harder from liability to Fujitsu and, thus, provides a complete defense to Lam's contribution and indemnity claims. The trial court agreed and entered summary judgment for Harder. The court entered final judgment under ORCP 67 B, and Lam appeals from that judgment.

■ The decisive issue on appeal is whether the waiver provision in the contract between Fujitsu and TDC prevents Harder from being "liable in tort" to Fujitsu within the meaning of ORS 18.440(1).[2] As it did in the trial court, Harder rests

---

[2] The parties assume that our construction of the statutory phrase also is dispositive of the test for liability on the indemnity claim. We agree. *See Huff v. Shiomi*, 73 Or App 605, 609, 699 P2d 1178 (1985) ("The purposes and elements of statutory contribution and of common law indemnity differ in some respects; however, there is no logical reason why their common requirement that the claimant and the person from whom relief is sought both be liable to the same third party should apply differently in the two contexts."); *see also Transport Indemnity Co. v.*

its defense entirely on the waiver provision. In response, Lam contends that the trial court erred in concluding that Harder is not liable to Fujitsu, because there has been no judicial determination of its liability on the merits.

The Supreme Court first considered the meaning of the statutory phrase "liable in tort" in *Blackledge v. Harrington*, 291 Or 691, 634 P2d 243 (1981). The defendants in *Blackledge* brought a third-party action for contribution against an alleged joint tortfeasor who had prevailed in an earlier action by the plaintiff to recover for the same injury. The court held, based on ORS 18.440(1), that the earlier judgment was conclusive in favor of the third-party defendant on the question of liability to the plaintiff. *Id*. at 696.

This court considered the reach of *Blackledge* in *Transport Indemnity*, a case on which Lam relies heavily. There, an insurer for one of the defendants paid the plaintiff's claim in full, obtained a judgment of dismissal in favor of all defendants and then sought contribution from the other defendants in a separate action. The trial court granted summary judgment in favor of the defendants in the contribution action. On appeal, one of the defendants argued that the contribution claim was barred by claim preclusion based on the dismissal of the underlying action. *Transport Indemnity*, 63 Or App at 397. We reversed. We distinguished *Blackledge* on the facts because, unlike in that case, there had been no determination in the underlying action that the defendant was not liable in tort to the claimant. *Id*. at 398. However, we ultimately concluded that the doctrine of claim preclusion was "not relevant" to the circumstances at bar, because the right to recover contribution is governed by a specific statutory scheme. *Id*. at 399. We explained that the defendant's argument was inconsistent with ORS 18.440(3), which provides that a tortfeasor who settles a claim is not entitled to contribution from any joint tortfeasor whose liability to the claimant is not extinguished by the settlement. *Id*. at 398. We observed that ORS 18.440(3) would be a "nullity" if the defendant's argument were correct because, in that event, a tortfeasor who does obtain a discharge of liability for all

---

*BB&S, Inc.*, 63 Or App 392, 399 n 7, 664 P2d 1115, *rev den* 295 Or 631 (1983) (analyzing and remanding contribution and indemnity claims together).

tortfeasors *also* would be barred from recovering contribution. *Id.* We concluded that "the legislature [did not intend] ORS 18.440(1) to be so construed, and we do not think the Supreme Court intended *Blackledge* to control under these facts." *Id.*

Relying on *Beaver v. Pelett*, 299 Or 664, 705 P2d 1149 (1985), Harder argues that a necessary feature of "liability in tort" under ORS 18.440(1) is a right to recover damages and that the waiver provision in the general contract is a bar to such recovery. In *Beaver*, the issue was whether the state could be held liable in contribution to a defendant in a tort case when the injured plaintiff had made no claim against the state, had given no tort claim notice, and the only claim or notice came from the defendant who sought contribution. The court identified the decisive question as whether the state was liable to the injured plaintiff for purposes of ORS 18.440(1). The court observed that the Tort Claims Act created limitations on the state's liability for its torts. *Id.* at 670-71. One of those limitations was ORS 30.275(1) (1983), which required the presentation of written notice within 180 days after the alleged loss or injury as a condition of liability. The court expressly rejected the defendant's argument that liability attaches at the time of injury and that the failure to comply with the notice requirements of the Tort Claims Act affects only the ability to bring an action for damages, not the state's underlying liability. The court held:

> "We are interpreting whether the state became 'liable in tort' for the wrongful death of [the claimant's] relative as those words are used in ORS 18.440 and in the Torts Claim Act. ORS 30.265(1) provides that a public body 'is liable' only '[s]ubject to the limitations of ORS 30.260 to 30.300.' * * * Timely notice is prominent among those limitations. *We do not believe that the legislature intended a public body to become indirectly liable to a third party for an alleged tort of which it had no notice and for which the original injured party therefore could not recover damages.*" *Beaver*, 299 Or at 671-72 (emphasis added).

We reached the same conclusion in *Mitchell v. Sherwood*, 161 Or App 376, 985 P2d 870, *rev den* 329 Or 479 (1999). Analyzing facts similar to those in *Beaver*, we held that a third-party plaintiff's provision of notice to the state

did not make the state liable to the injured plaintiff under ORS 18.440(1). *Id.* at 382. We concluded that the claim for contribution must fail, "because the state does not have joint and several liability to [the injured plaintiff] as required by ORS 18.440." *Id.*

Although not directly on point, *Beaver* and *Mitchell* inform our decision here. In each case, the court concluded that a legal defense barred the injured plaintiff's recovery from the third-party defendant and, thus, precluded contribution, even though there had been no adjudication of liability in an action between the plaintiff and the third-party defendant. Furthermore, neither court distinguished between liability as an abstract concept and the right to recover damages. In other words, even if the state *was negligent* for causing the plaintiff's injuries, it *was not liable in tort* under ORS 18.440, because any right of recovery was barred by the plaintiff's failure to comply with the notice requirements of the Tort Claims Act. Lam's claims here ultimately stumble on the same hurdle. Lam has not contested Harder's premise that Fujitsu has waived any right of recovery against it for damage to the tool. Accordingly, Harder's fault, if any, in causing the damages claimed by Fujitsu is academic; Harder is not liable to Fujitsu. Therefore, Lam may not recover contribution or indemnity from Harder.

■      Lam protests that such a conclusion is at odds with the holding of *Transport Indemnity*, in which we distinguished *Blackledge* on the ground that the contribution defendant's liability to the claimant in the underlying action had not been determined on the merits. Lam reasons that, because there also has been no determination of liability between Fujitsu and Harder, Lam's claim for contribution similarly is not barred in this case. Lam misunderstands the ultimate holding of *Transport Indemnity*. Our mention of the fact that there had been no determination of the defendant's liability to the underlying claimant on the merits explained why *Blackledge* was distinguishable on the facts. However, it did not constitute the holding of the case. Although it is true that the absence of a prior judgment on the merits would defeat any claim preclusion defense,[3] we ultimately held that

---

[3] *See Lee v. Mitchell*, 152 Or App 159, 165, 953 P2d 414 (1998) (claim preclusion depends on a prior judgment on the merits).

claim preclusion is not *relevant* to the determination of liability in a statutory claim for contribution. *Transport Indemnity*, 63 Or App at 399. Our decision hinged on the irreconcilable conflict between the defendant's argument and ORS 18.440(3). The circumstances here are materially different. Unlike the defendant in *Transport Indemnity*, Harder has not asserted a misguided claim preclusion defense, and its arguments do not run afoul of ORS 18.440(3). Lam does not dispute that Harder has a complete defense to any claim that Fujitsu might assert against it for damage to the tool. Accordingly, this case falls within the line of decisions represented by *Beaver* and *Mitchell*.[4]

Lam makes three additional arguments that require brief discussion. First, it contends that the waiver provision does not qualify as a covenant not to sue under ORS 18.455 and does not discharge Harder's contribution liability to Lam, because Harder failed to give notice of the terms of the agreement to Lam.[5] The short answer is that Harder does not rely on ORS 18.455(1)(b) as the source of its insulation from contribution liability. The agreement between Fujitsu and TDC was made before any claim arose and, thus, there were no identifiable persons to whom notice of the waiver provision could be given under ORS 18.455(2). Instead, as we have concluded, the controlling statute is ORS 18.440(1).

---

[4] Although ORS 18.440(1) and the cases interpreting it compel the result reached here, we point out that Lam's right to contribution and common-law indemnity was defeated by a contract to which Lam was not a party. If redress is needed, it should be addressed to the legislature.

[5] ORS 18.455 provides:

"(1) When a covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury to person or property or the same wrongful death or claimed to be liable in tort for the same injury or the same wrongful death:

"(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but the claimant's claim against all other persons specified in ORS 18.470(2) for the injury or wrongful death is reduced by the share of the obligation of the tortfeasor who is given the covenant, as determined under ORS 18.480 and 18.485; and

"(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

"(2) When a covenant described in subsection (1) of this section is given, the claimant shall give notice of all of the terms of the covenant to all persons against whom the claimant makes claims."

■■ Second, Lam argues that the trial court's ruling violated its constitutional rights to a jury trial under Article I, section 17, of the Oregon Constitution, and to a remedy by due course of law under Article I, section 10. With respect to the first argument, it is sufficient to observe that an otherwise proper grant of summary judgment does not violate constitutional jury trial protections. As to the second argument, the Supreme Court has recently examined in detail the scope of the remedy clause in section 10. *See Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001). Lam has failed to explain how the trial court's grant of summary judgment abolished or altered its absolute rights respecting "person, property, and reputation, as those rights existed when the Oregon Constitution was drafted," thereby violating the remedy clause in Article I, section 10. *Id.* at 118. Accordingly, we reject its undeveloped argument without further discussion.

■ Finally, Lam argues that, regardless of whether it is entitled to contribution or indemnity from Harder, it is entitled to have Harder's proportional share of fault considered on the verdict form at trial. Lam relies on ORS 18.470(2), which provides, in part:

> "The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, *and the fault of any person with whom the claimant has settled.*" (Emphasis added.)

According to Lam, the waiver provision is a "settlement" of Fujitsu's claims against Harder within the meaning of the statute and, therefore, Harder's fault must be compared with Lam's fault on the verdict form at trial. In addition, Lam asks us to decide, based on ORS 18.480(4),[6] that Harder's alleged

---

[6] ORS 18.480 provides, in part:

"(1) When requested by any party the trier of fact shall answer special questions indicating:

"(a) The amount of damages to which a party seeking recovery would be entitled, assuming that party not to be at fault.

"(b) The degree of fault of each person specified in ORS 18.470(2). The degree of each person's fault so determined shall be expressed as a percentage of the total fault attributable to all persons considered by the trier of fact pursuant to ORS 18.470.

fault should be imputed to Fujitsu in apportioning fault between Fujitsu and Lam.

Neither question is ripe for decision. Based on Fujitsu's objection that it had not participated in the summary judgment proceeding and that consideration of the issues raised by Lam was premature, the trial court expressly declined to reach those issues in entering summary judgment. Because the trial court has not yet had an opportunity to determine the content of jury instructions or the appropriate verdict form to be used at trial, we will not render an advisory opinion on those subjects.[7] *See McCulloch v. Price Waterhouse LLP*, 157 Or App 237, 250, 971 P2d 414 (1998), *rev den* 328 Or 365 (1999) (declining to rule on sufficiency of the evidence to warrant submission to the jury of a request for punitive damages where a new evidentiary record would be created on remand).

Affirmed.

---

"* * * * *

"(4) For the purposes of subsection (1) of this section, the court may order that two or more persons be considered a single person for the purpose of determining the degree of fault of the persons specified in ORS 18.470(2)."

[7] Former Chief Justice Peterson has explained why appellate courts exercise such restraint:

"[R]ules of law are best forged on the anvil of actual controversy rather than by taking a massive bite out of the carcass of a field of law and spitting out a rule which, in the abstract, tastes good. We have repeatedly refused to give advisory opinions, even though the parties have asked for them." *Sandford v. Chev. Div. Gen. Motors*, 292 Or 590, 617, 642 P2d 624 (1982) (Peterson, J., concurring).