Argued and submitted July 11, affirmed August 10, 1983

McCARTHY,
*Plaintiff,*

*v.*

HENSEL PHELPS CONSTRUCTION CO.,
*Defendant,*

*and*

LANEGUARD, INC.,
*Appellant,*

*and*

STATE OF OREGON,
*Respondent,*

(A7804 05507)

McCARTHY,
*Plaintiff,*

*v.*

HENSEL PHELPS CONSTRUCTION CO.,
*Defendant,*

*and*

LANEGUARD, INC.,
*Appellant,*

*and*

STATE OF OREGON,
*Respondent,*

(A7804 05508)
(CA A25292)

667 P2d 558

Michael A. Lehner, Portland, argued the cause for appellant. With him on the brief was Mitchell, Lang & Smith, Portland.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a negligence action for damages for bodily injury to Linda McCarthy and for loss of consortium to Peter McCarthy. Linda was injured when a car driven by defendant Burns struck a temporary guardrail installed at the site of a freeway construction project. Laneguard, Inc. (Laneguard) seeks reversal of a trial court order denying its motion for contribution from codefendant State of Oregon.[1]

Plaintiffs' claims against Multnomah County were dismissed voluntarily prior to trial. Their claims against Phelps and Burns were settled. Their remaining claims against Laneguard and the State were tried to a jury. While the jury was deliberating, the State entered into a settlement with plaintiffs and took a covenant not to sue. The jury then returned a verdict in favor of plaintiffs for $1,183,000, finding Laneguard to be 20 percent at fault and the State 80 percent at fault. Because of the settlement, a judgment was entered against Laneguard alone which, reduced by the prior settlements, was for $1,028,000, plus costs. Laneguard filed a motion for a judgment of contribution from the State, which the trial court denied. This appeal followed.

Laneguard advances a variety of arguments on appeal, including several interesting constitutional ones. We do not reach most of the arguments, however, because they are primarily based on a misreading of ORS 18.455, a part of Oregon's statutory contribution scheme.

As noted, the State settled with plaintiffs prior to the time the jury returned a verdict. Having settled, the State asserts that, under ORS 18.455, it is not liable to Laneguard for contribution. The statute provides:

"(1) When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death or claimed to be liable in tort for the same injury or the same wrongful death:

"(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the

---

[1] None of the other parties to the case is involved in this appeal.

extent of any amount stipulated by the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

"(b)    It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

"(2)    When a covenant described in subsection (1) of this section is given, the claimant shall give notice of all of the terms of the covenant to all persons against whom he makes claims."

Laneguard attempts to avoid the effect of ORS 18.455 by advancing two arguments. First, it argues that it is not barred from seeking contribution from the State, because the State did not give it notice of the settlement with plaintiffs pursuant to subsection (2) of the statute. The short answer to this contention is that the duty to disclose lay with *plaintiffs*, not the State: "* * * the claimant shall give notice * * * to all persons against whom he makes claims."

In the alternative, Laneguard argues that the settlement between plaintiffs and the State was not made in good faith, as required by subsection (1) of ORS 18.455. The trial judge ruled to the contrary on that fact question, and the evidence available for our review is not such that we could rule that he erred as a matter of law.[2]

Affirmed.

---

[2] In fact, Laneguard has nòt designated a transcript of the trial on this appeal. Laneguard's belief to the contrary notwithstanding, *see* App Br at 5, that transcript would be crucial to the question of good faith. Without it, we cannot assess this assignment as completely as Laneguard would have us do.