Argued and submitted April 1, reversed and remanded May 22, 1985

HUFF,
*Plaintiff,*

*v.*

SHIOMI,
*Defendant.*

SHIOMI,
*Third-Party Plaintiff - Appellant,*

*v.*

KIRKMAN LABORATORIES, INC.,
*Third-Party Defendant - Respondent.*

(A8208-05083; CA A33098)

699 P2d 1178

Lee M. Hess, Portland, argued the cause for third-party plaintiff - appellant. With him on the briefs was Swire, Riebe & Hess, Portland.

J. P. Graff, Portland, argued the cause for third-party defendant - respondent. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action in August, 1982, against defendant Shiomi, her physician, alleging that she had developed cataracts from medication that he had prescribed and that plaintiff had purchased over the period from April, 1973, to January, 1975. Plaintiff did not name Kirkman Laboratories, the manufacturer of the medicine, as a defendant. In December, 1983, Shiomi filed a third-party complaint for indemnity against Kirkman. Kirkman moved to dismiss the third-party action "on the grounds that the * * * pleadings * * * 'show [that that] action has not been commenced within the time limited by statute.' " The trial court granted the motion and, pursuant to ORCP 67B, directed that a final judgment be entered for Kirkman, because "Shiomi's claim against * * * Kirkman * * * is forever barred by the statute of ultimate repose." Shiomi appeals, and we reverse and remand.

■ ■   ORS 30.905,[1] which prescribes the limitation and ultimate repose periods for "product liability civil actions," was the apparent basis for the trial court's ruling. Shiomi argues that the trial court erred in concluding that ORS 30.905 applies. He maintains that, although his allegations may assert *facts* that could be the basis for a product liability civil action, his *claim* is for indemnity and, as such, it accrues by virtue of his discharging a legal obligation to plaintiff and may be brought within six years from that time. ORS 12.080. We agree. *See Owings v. Rose',* 262 Or 247, 261-63, 497 P2d 1183 (1972); *Union County Sch. Dist. No. 1 v. Valley Inland,* 59 Or App 602, 612, 652 P2d 349 (1982); *compare Marinelli v. Ford*

---

[1] ORS 30.905 provides:

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsections (2) and (3) of this section, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) Except as provided in subsection (3) of this section, a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs.

"(3) A product liability civil action for damages resulting from asbestos-related disease shall be commenced not later than two years after the date on which the plaintiff first discovered, or in the exercise of reasonable care should have discovered, the disease and the cause thereof.

"(4) Subsection (3) of this section shall apply to all causes of action which are tried after October 15, 1983."

*Motor Co.,* 72 Or App 268, 696 P2d 1 (1985). We hold that the third-party action is not subject to ORS 30.905 and is not time-barred.[2]

Kirkman argues that the dismissal of the third-party action should nevertheless be upheld because, as a matter of law, Shiomi cannot establish a right to indemnity. The Supreme Court stated in *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 493 P2d 138 (1972):

> "In an action for indemnity, the claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter. * * *" 261 Or at 210.

Kirkman contends that Shiomi cannot prove the second element, because *plaintiff's* right of action *against Kirkman* is time-barred under ORS 30.905 and Kirkman therefore cannot be liable to her. *But see* note 3, *infra.*

The practical import of Kirkman's argument is that, although ORS 30.905 does not bar Shiomi's third-party claim directly, it does so indirectly by barring plaintiff from any action against Kirkman, thereby making it impossible for Kirkman to be liable to plaintiff. Shiomi disagrees and relies, *inter alia,* on *Valley Circle Estates v. VTN Consolidated, Inc.,* 33 Cal 3d 604, 189 Cal Rptr 871, 659 P2d 1160 (1983), where the court said that "[a] tort defendant retains the right to seek equitable indemnity from another tortfeasor even if the plaintiff's action against the cross-defendant is barred by the statute of limitations." 33 Cal 3d at 611. *See generally* Annot., 57 ALR 3d 833 (1974).

The parties cite, and we find, no Oregon case that expressly decides whether one tortfeasor can recover indemnity from a second if the victim's direct right of action against the latter is barred by a statute of limitations or ultimate repose. However, in *Scovell v. TRK Trans, Inc.,* 71 Or App 186, 691 P2d 911 (1984), *rev den* 298 Or 822 (1985), we considered the similar question of whether the plaintiff's inability to sue

---

[2] We also conclude that, although Shiomi has not yet discharged any obligation to plaintiff, the third-party action is not premature. *See Kahn v. Weldin,* 60 Or App 365, 653 P2d 1268 (1982), *rev den* 294 Or 682 (1983).

the state, because he had not given it the tort claim notice required by ORS 30.275, precluded the defendant, TRK, from bringing a third-party contribution action against the state pursuant to ORS 18.440 *et seq.* We held that TRK's action was not barred and explained:

> "The state also argues that TRK cannot maintain the action for contribution because ORS 18.440(1) requires that joint tortfeasors be liable to the plaintiff. Thus, the state argues, it is not liable to this plaintiff, because he did not give it the statutorily required notice under the Tort Claims Act. We disagree. In *Miller v. City of Portland,* 288 Or 271, 604 P2d 1261 (1980), the Supreme Court suggested that ORS 18.440 requires common liability in tort at the time the injured plaintiff's cause of action accrues, not when the contribution action is commenced. The court stated that the third-party defendants could only be liable in an action for contribution if they 'would have been liable to the original plaintiff, had she brought an action against them.' 288 Or at 274. Because the court concluded that the original plaintiff could not have maintained an action against the third-party defendant, it denied the city's claim for contribution.

> "* * * * *

> "Both *Miller* and *Transport Indemnity* [*Co. v. BB&S, Inc.,* 63 Or App 392, 664 P2d 1115, *rev den* 295 Or 631 (1983)] tell us that, although a determination of a third-party defendant's liability for a claim for contribution requires an evaluation of whether it would have been liable to the original plaintiff, nothing in the statutory scheme of ORS 18.440 to 18.460 requires that the original plaintiff be able to maintain an action in tort against the third-party defendant at the time the contribution action is commenced. ORS 30.275 bars only those 'actions' for which no notice of claim has been given. Because TRK provided the required notice of its claim, it is entitled to maintain its third-party action." 71 Or App at 192-93. (Footnotes omitted.)

There are some differences between the issue in *Scovell* and the issue here. The purposes and elements of statutory contribution and of common law indemnity differ in some respects; however, there is no logical reason why their common requirement that the claimant and the person from whom relief is sought both be liable to the same third party should apply differently in the two contexts. In *Scovell,* the plaintiff's failure to give the third-party defendant a tort claim notice barred him from bringing a direct action against the

third-party defendant; here, plaintiff's right of action against Kirkman is purportedly[3] foreclosed by the running of the Statute of Limitations and the ultimate repose statute. However, like the plaintiff's omission in *Scovell,* any failure by this plaintiff to bring a timely action against Kirkman has no bearing on whether Kirkman was liable to her *at the time her claim accrued.* For that reason, this case is distinguishable from *Ore-Ida Foods v. Indian Head,* 290 Or 909, 627 P2d 469 (1981), on which Kirkman relies. The court held there that an employer which had paid worker's compensation survivor's benefits to the unmarried cohabitant of a deceased worker could not recover indemnity from the person who negligently killed the worker, because the survivor had no right of action against the alleged indemnitor under the Wrongful Death Statute and the latter therefore *never* could have been liable to her.

■     The differences between *Scovell* and this case do not make the reasoning expressed in the passage from *Scovell* we quoted earlier inapplicable here. Whether or not *Scovell* is precedentially controlling, its reasoning is compelling and we follow it. Shiomi notes that it would make no sense to hold that the "running of the two-year statute on an underlying claim terminates any claim for indemnity" when the "limitation period on an indemnity claim is six years" and when the right to indemnity cannot accrue until the person seeking it has discharged the underlying claim. We agree, and we hold that a plaintiff's inability to recover from one tortfeasor because his claim against that tortfeasor is time-barred does not preclude a second tortfeasor who discharges the obligation to the plaintiff from bringing an indemnity action and proving that the first tortfeasor was liable to the plaintiff at the time the plaintiff's claim against that tortfeasor accrued.

■     Kirkman offers one further argument which it acknowledges it did not make to the trial court but which, it correctly notes, may nevertheless be raised in defense of the judgment now. Kirkman's argument is:

"Dr. Shiomi characterizes the third-party action as an action in indemnity to recover for economic loss. It is

---

[3] Given the basis for our decision, we need not consider the correctness of Kirkman's assumption that plaintiff's right of action against it is barred by ORS 30.905.

undeniable that plaintiff, in the underlying action, seeks damages for personal injury. Therefore, Dr. Shiomi is attempting to recover any economic losses that he may sustain as a result of physical harm to a third person. An indemnity action will not lie to recover for economic loss that results from physical harm to a third person. *Oksenholt v. Lederle Laboratories,* 294 Or 213, 221, 656 P2d 293 (1982) * * *."

The court said in *Oksenholt:*

"The request for the $100,000 can be characterized in two fashions: first, as a request for indemnity or contribution, and second, as a factor in determining harm to reputation. Recovery of the settlement costs, *if treated as a request for indemnity,* would be precluded by our decision in *Ore-Ida Foods v. Indian Head,* 290 Or 909, 627 P2d 469 (1981), which bars recovery for economic loss that results from physical harm to a third person. * * *" 294 Or at 221. (Emphasis supplied.)

*Oksenholt* was not an indemnity action. The quoted statement was made in connection with the court's disposition of the plaintiff's negligence claim. *Ore-Ida Foods v. Indian Head, supra,* which *Oksenholt* cited as the authority for the proposition that there can be no "recovery for economic loss that results from physical harm to a third person," involved both a negligence issue and an indemnity issue. It was in its discussion of the negligence issue that the court in *Ore-Ida* adhered to "[t]he prevailing rule * * * that a plaintiff may not recover for economic loss resulting from negligent infliction of bodily harm to a third person." 290 Or at 916. The court said nothing to that effect in its discussion of the indemnity issue. Although we are somewhat perplexed by the emphasized language in the quotation from *Oksenholt,* it seems clear to us that neither that case nor *Ore-Ida* stands for the proposition ascribed to them by Kirkman that there can be no *indemnity* for an economic loss resulting from the indemnitee's payment of damages to a third person for injuries caused by the negligence of the indemnitor. We agree with Shiomi's observation that it would make no sense

"* * * that a retailer of a defective product could obtain indemnity from a manufacturer only if the product did not cause personal injury. Such is not the law in Oregon."

Reversed and remanded.