Argued and submitted February 12, reversed and remanded March 21, 1990

STATE OF OREGON,
by and through the
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Plaintiff,*

*v.*

BARKMAN et al,
*Defendants,*
*and*

BARKMAN et al,
*Appellants,*

*v.*

ASSOCIATED OREGON LOGGERS, INC., et al,
*Respondents.*

(88C-10295; CA A50219)

789 P2d 8

Susan D. Cardoni, Portland, argued the cause for appellants. With her on the brief were John R. Barker, James M. Callahan and Bittner & Barker, P.C., Portland.

William G. Wheatley, Eugene, argued the cause for respondents Associated Oregon Loggers, AOL Services, Inc., and AOL-SAIF Trust. With him on the brief were Denise G. Fjordbeck and Jaqua & Wheatley, P.C., Eugene.

William F. Gary, Eugene, argued the cause for respondents Loggers Assurance Company, Inc. With him on the brief were Sharon A. Rudnick and Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

Defendants appeal the trial court's summary judgment for third-party defendants (collectively AOL) and the ensuing dismissal of defendants' claims for indemnity and contribution.[1] SAIF Corporation, the plaintiff in the underlying action, had extensive business dealings with AOL. Defendants are accountants who provided professional services to AOL. SAIF alleges that defendants' negligence and misrepresentations about AOL's business and financial affairs, in conjunction with those services, caused damage to SAIF.[2] Defendants allege that incorrect data was supplied to them and that the misrepresentations were induced by officers of AOL. AOL's supporting evidence for its summary judgment motion was the "settlement agreement" between it and SAIF, in which SAIF agreed, *inter alia,* not to pursue certain claims that it had or could bring against AOL.

Defendants assign error to the summary judgment on their indemnity and contribution claims. Although the order granting summary judgment does not reveal the precise basis for the ruling, AOL defends the judgment on the indemnity claim on two grounds: The settlement agreement eliminates any possible common liability to SAIF and, as between it and defendants, "the obligation ought to be discharged by the latter," as a matter of law. *Ore-Ida Foods v. Indian Head,* 290 Or 909, 920, 627 P2d 469 (1981).

In response to the first argument, defendants rely on *Huff v. Shiomi,* 73 Or App 605, 699 P2d 1178 (1985), where we held that the running of the statute of ultimate repose on the plaintiff's claim against the third-party defendant Kirkman did not defeat the common liability element of the defendant's third-party indemnity action. We explained:

> "[A]ny failure by this plaintiff to bring a timely action against Kirkman has no bearing on whether Kirkman was liable to her *at the time her claim accrued.* For that reason, this case is distinguishable from *Ore-Ida Foods v. Indian Head,* 290 Or 909, 627 P2d 469 (1981), on which Kirkman relies. The court

---

[1] The judgment was made final pursuant to ORCP 67B.

[2] Our description is of SAIF's third claim, in which it asserts direct injuries to itself. Its first and second claims were brought as AOL's assignee. The parties agree that defendants cannot recover indemnity or contribution from AOL with respect to the assigned claims, and they are not encompassed by our discussion or our remand.

held there that an employer which had paid worker's compensation survivor's benefits to the unmarried cohabitant of a deceased worker could not recover indemnity from the person *who negligently killed the worker, because the survivor had no* right of action against the alleged indemnitor under the Wrongful Death Statute and the latter therefore *never* could have been liable to her." 73 Or App at 610. (Emphasis in original.)

■       AOL attempts to distinguish *Huff,* by noting that the limitations issue there was a mere "procedural bar," but that the settlement agreement here creates a "substantive bar to suit." We find those labels and that distinction unpersuasive. In both instances, it is at least a question of fact whether the plaintiffs had related claims under which the third-party defendants could be liable to them when the plaintiffs' claims against the defendants accrued. We reject AOL's first ground for upholding the summary judgment on the indemnity claim.

        AOL's second argument is that defendants cannot assert that

"their negligence with regard to the direct (unassigned) claims of SAIF Corporation set forth in SAIF's third cause of action in the original Complaint is merely secondary and passive. That claim alleges that defendant accountants owed duties directly to SAIF to insure that the accounting with regard to an agreement between SAIF and the AOL Companies was properly performed, and that defendants breached that duty by failing to adhere to accepted standards of accountancy and by misrepresenting transactions which took place under that agreement. Defendants had an independent duty to detect errors and illegal or improper activities which could be discovered by the exercise of reasonable professional skill."

Relying on cases from other jurisdictions, AOL contends that, as a matter of law, accountants must be primarily responsible, as between themselves and their clients, for injuries resulting from financial misinformation that the latter provide, because part of the accountant's job is to discern that the information is wrong.

■       We do not agree that, as a matter of law, an accountant *cannot* claim that his client is more responsible than he for damage resulting from incorrect financial information that the client furnishes. We held in *Becker v. Port Dock Four, Inc.,* 90 Or App 384, 752 P2d 1235 (1988), that an attorney could

assert a comparative fault defense in a client's professional malpractice action, at least to the extent that the client's alleged negligence involves matters as much within his own knowledge as that of the lawyer. The same reasoning applies here, for purposes of determining whether defendants' or AOL's relative involvement can be such that AOL should pay for the injuries to SAIF.

The overriding theme of AOL's argument is that the relationship between defendants and AOL, as professionals and client, *necessarily* means that defendants' responsibility was "primary" and AOL's "secondary" or "passive." AOL also maintains that SAIF's complaint alleges a direct duty from defendants to SAIF and reliance on defendants by SAIF. All of that begs the question. The thrust of the third-party indemnity claim is that AOL's actions *caused* whatever defendants did that resulted in injury to SAIF. The court erred in granting summary judgment on the indemnity claim.

■    The summary judgment for AOL on defendants' claim for statutory contribution was based on the settlement agreement and on ORS 18.455(1)(b):

> "(1)    When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death or claimed to be liable in tort for the same injury or the same wrongful death:
>
> "* * * * *
>
> "(b)    It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

The issue is whether AOL made the necessary showing, in support of its motion, that SAIF's covenant was "given in good faith." AOL argues that the agreement itself was evidence of good faith, because:

> "The agreement notes the dispute between the parties and references [*sic*] the litigation underlying the agreement. It further provides for the distribution of real property and other assets, such as contingent claims against others, to SAIF Corporation in exchange for covenants not to sue or enforce judgment against AOL. On its face, the covenant was executed in exchange for valuable consideration by both parties.
>
> "Under the Oregon Rules of Evidence, it is presumed that private transactions have been fair and regular, ORE

311(1)(L), that the ordinary course of business has been followed, ORE 311(1)(m) and that the law has been obeyed, ORE 301(1)(x). Under Oregon law, an unrebutted presumption has the force of substantive evidence."

Defendants cite Kirkpatrick, *Oregon Evidence* 59 (1982), and fervently dispute AOL's understanding that an unrefuted presumption is "substantive evidence." Be that as it may, we do not think that the presumptions cited by AOL are relevant to the substantive question of "good faith" under ORS 18.455. That discrete fact, which the statute makes a condition to discharge from liability for contribution, requires more direct proof than the abstract presumptions of obedience to law, fairness and regularity and adherence to the ordinary course of business can supply. *See McCarthy v. Hensel Phelps Const. Co.,* 64 Or App 256, 667 P2d 558 (1983). We are also unable to agree that the settlement agreement itself can furnish an inference that the covenant it contains was given in good faith. Direct evidence of the fact was necessary and was not produced, and the court erred by granting summary judgment on the contribution claim.[3]

Reversed and remanded.

---

[3] Our disposition of the case makes it unnecesary for us to reach defendants' remaining assignment.