Argued and submitted February 27, reversed and remanded April 17, 1991

Jeriane LETHCOE,
*Plaintiff,*

*v.*

Denis Beecher BUFFHAM,
*Appellant,*
*and*

CRYOGENIC TRANSPORTATION, INC.,
and Russell T. Lethcoe,
*Respondents.*

(A8707-04122; CA A64189)

809 P2d 704

Larry Dawson, Portland, argued the cause and filed the briefs for appellant.

Deborah L. Sather, Portland, argued the cause for respondents. With her on the brief were Cooney, Moscato & Crew, P.C., and James G. Breathouwer, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action against respondents Cryogenic Transportation, Inc., and Lethcoe and appellant Buffham, for injuries sustained in a motor vehicle accident. The jury found all defendants jointly and severally liable and assessed respondents' collective comparative fault at 95 percent and Buffham's at five percent. All three defendants appealed from the resulting judgment. While the appeal was pending, respondents entered into a settlement with plaintiff for approximately 80 percent of her damages, in consideration for which she covenanted not to enforce the judgment against them. They moved to dismiss their appeals and, on October 6, 1989, we issued an order dismissing those appeals and also dismissing Buffham's, because he had failed to file a timely opening brief. An appellate judgment issued. Buffham then paid plaintiff the difference between the damages that she was awarded and the settlement proceeds that she had received from respondents. Plaintiff executed a satisfaction of judgment on November 17, 1989.

On December 6, Buffham filed a motion in the circuit court for contribution from respondents, pursuant to ORS 18.450(2):

> "Where a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action by judgment in favor of one against other judgment defendants by motion upon notice to all parties to the action."

The trial court concluded that it lacked subject matter jurisdiction. Buffham appeals from the dismissal of the claim for contribution, and we reverse.

■ The trial court apparently reasoned that, when defendants appealed, it permanently lost jurisdiction and that Buffham's failure to raise the contribution issue by a cross-appeal was fatal to his contribution claim. Buffham argues, correctly, that there was no ruling on any contribution issue from which a cross-appeal could have been taken, and respondents do not now defend the trial court's rationale. Rather, they argue that the trial court lost jurisdiction to make "substantive" rulings in the action when the appeals were filed; that the dismissals were the equivalent of an affirmance, *see* ORS 19.111; that, after the appeals were dismissed,

the trial court did not "reacquire" jurisdiction except as to matters "necessary to effect the Appellate Judgment," *see* ORS 19.033(6); and, citing ORS 18.350(3), that the trial court's jurisdiction ended totally when plaintiff's satisfaction of judgment was filed. Therefore, respondents contend, the court was correct in concluding that it did not have jurisdiction over Buffham's contribution claim.

The problem with that argument is that it is oblivious to ORS 18.450(2) and treats Buffham's contribution claim as being jurisdictionally intertwined with the underlying tort claim. Although ORS 18.450(2) allows them to be asserted in the same action, the tort claim and the claim for contribution are independent of each other. *See Huff v. Shiomi,* 73 Or App 605, 699 P2d 1178 (1985). The statute also expressly authorizes enforcement of contribution rights in an action *after* a judgment has been entered on the underlying claim by the plaintiff against the tortfeasors. The trial court does not lose jurisdiction over contribution claims simply because the plaintiff's judgment has become final. We conclude that the trial court had jurisdiction over Buffham's motion.

■ Respondents also argue that the motion was untimely. They reason:

"Assuming the trial court had such jurisdiction, surely it was encumbent upon Buffham to file the Motion for Contribution in a timely fashion, for example, within 10 days after notice of the April 26, 1989 settlement under ORCP 15A or within 35 days of entry of the Appellate Judgment, the time limit specified for an appeal of the Court of Appeals decision under ORS 2.520. Buffham may claim that he could not have filed the Motion for Contribution until he had paid more than his proportional share under ORS 18.440(2). Nonetheless, by waiting until November 17, 1989, Buffham effectively and simply waited too long. As of that date, the appeal was final for all purposes and the trial court completed its final duty of filing the Satisfaction of Judgment. ORS 18.350(3)."

None of the time limitations that respondents would have us apply by analogy are analogous. Closer to the point is ORS 18.450(3), which establishes a two-year limitation from the time when the underlying tort judgment becomes final for *separate* actions for contribution. That provision does not expressly apply to motions for contribution brought in the same action, and we need not decide here whether it should be

construed as applicable. Buffham filed his motion two months after the appellate judgment was issued and within three weeks after the judgment was satisfied. Respondents point to no authority that mandates a shorter period for filing contribution motions, and we hold that Buffham's motion was timely.

Finally, respondents contend that, under ORS 18.455(1)(b), plaintiff's covenant not to sue them "extinguished" Buffham's right to obtain contribution from them. That argument anticipates the merits of Buffham's claim, on which the trial court has yet to rule.

Reversed and remanded.