Argued and submitted August 8, 2005, affirmed August 9, 2006

Kiril IVANOV,
Nicole Busse, Tricia Kerns,
Teresa Chun, fka Teresa Roelfs,
and Michael Shawn-Chun, fka Michael Shawn,
*Appellants,*

*and*

Richard TYLER
and Natalya Gladysh,
*Plaintiffs,*

*v.*

FARMERS INSURANCE COMPANY OF OREGON,
an Oregon corporation;
Farmers Group, Inc.,
a foreign corporation;
Farmers Insurance Exchange,
a foreign corporation;
Mid-Century Insurance Company,
a foreign corporation;
Truck Insurance Exchange,
a foreign corporation;
and any Farmers Company whose name will subsequently
be identified that should be made a Defendant in this case
in order that complete relief can be granted to
Plaintiffs and to the class,
*Respondents.*

9910-10826; A123043

140 P3d 1189

Phil Goldsmith argued the cause for appellants. With him on the briefs were Law Office of Phil Goldsmith, Thomas D'Amore and D'Amore & Associates, PC, Gatti, Gatti, Maier, Krueger, Sayer & Assoc., and Nelson & MacNeil.

James N. Westwood argued the cause for respondents. With him on the brief were Matthew J. Kalmanson and Stoel Rives LLP and Michael D. Hoffman, Mark Elgin Olmsted, and Hoffman Hart & Wagner LLP.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Breithaupt, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

The named plaintiffs are five Oregon residents to whom defendants provided motor vehicle insurance.[1] Plaintiffs brought this action seeking relief from defendants' denial of their claims for Personal Injury Protection (PIP) benefits. Plaintiffs asserted multiple claims, both legal and equitable, which the trial court dismissed after granting summary judgment to defendants. Plaintiffs appeal from the ensuing judgment. We affirm.

In reviewing the grant of summary judgment, we view the evidence in the light most favorable to the nonmoving parties, here plaintiffs, drawing all reasonable inferences in their favor. *Bachmeier v. Tuttle*, 195 Or App 83, 85, 96 P3d 871 (2004). Plaintiffs were involved in automobile accidents. They submitted claims for medical expenses related to the accidents to defendants under their PIP coverages. Within 60 days after receiving those claims, defendants denied payment for certain expenses on the ground that they were not medically necessary. Plaintiffs then brought this action, in which they asserted claims for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, tortious breach of good faith, and intentional interference with contractual relations. Plaintiffs requested identical damages on each of those claims, as well as equitable relief, including an injunction and declaratory relief. In each claim, plaintiffs alleged that they "sought and received reasonable and necessary treatment for his or her accident-related symptoms," that each plaintiff incurred "reasonable and necessary medical expenses" and submitted these expenses to defendants, and defendants refused to pay all of plaintiffs' medical expenses. Plaintiffs' underlying theory of recovery for each claim was that, either by statute or based on their

---

[1] Plaintiffs explain:

"Defendants Farmers Insurance Company of Oregon, Mid-Century Insurance Company and Truck Insurance Exchange write automobile insurance in Oregon. Farmers Group, Inc. owns or controls these companies as well as Farmers Insurance Exchange. These five companies collectively have engaged in a joint venture or enterprise to transact the business of insurance in Oregon."

Plaintiffs' complaint sought relief from all defendants for alleged actions that they committed collectively. Two other plaintiffs were dismissed and are not part of this appeal.

insurance policies, defendants were precluded from using arbitrary methods to review the reasonableness and necessity of claimed medical expenses, that the only nonarbitrary method of review was to conduct an independent medical examination (IME), that defendants failed to conduct IMEs in reviewing plaintiffs' claims, and that, therefore, defendants' denials of PIP benefits were wrongful.[2]

Defendants moved for summary judgment on all of plaintiffs' claims,[3] arguing that plaintiffs had the burden of proving that the medical expenses they claimed were reasonable and necessary and that plaintiffs had failed to produce any evidence on those issues. Defendants further argued that, as a matter of law, neither the PIP statutes nor the insurance policies required defendants to conduct an IME before denying a claim, and therefore, there was no cognizable basis for any of plaintiffs' claims. The trial court agreed with both of defendants' arguments and granted the summary judgment motion with respect to all of plaintiffs' claims.

■       On appeal, the parties focus at length on the issue whether an IME was required by statute or the pertinent insurance policies in the present circumstances. However, as plaintiffs acknowledged at oral argument, their arguments pertaining to the necessity of IMEs need not be addressed if we conclude that there was no evidence establishing or supporting an inference that the medical expenses were necessary.[4] Plaintiffs' acknowledgment is well taken. No provision

---

[2] Plaintiffs also alleged that defendants wrongfully used fee schedules to determine that amounts charged for medical services were unreasonable. However, plaintiffs have "expressly abandon[ed] the fee schedule issue." Therefore, we do not refer to or express any opinion on that issue.

[3] Defendants also moved for dismissal of plaintiffs' complaint on the ground that the Insurance Division of the Department of Consumer Business Services had jurisdiction of the case. In addition, defendants filed a memorandum in opposition to plaintiffs' motion for class certification. The trial court denied the motion to dismiss the complaint on jurisdictional grounds, but deferred ruling on plaintiffs' motion for class certification because it granted defendants' motion for summary judgment and dismissed all of plaintiffs' claims on that basis.

[4] In their opening brief on appeal, plaintiffs argued that, because defendants denied their claimed expenses only on the ground that they were not medically necessary, they could not "in litigation assert a reduction on a new * * * basis as the PIP statute and policy require that the reason be given along with the reduction within 60 days of the submission of the claim." (Internal quotation marks omitted.) We express no opinion as to whether that assertion is correct because, as explained below, evidence of plaintiffs' medical bills, standing alone, did not give rise to an inference that their medical expenses were reasonable *or* necessary.

of the PIP statutes relieves an insured who challenges an insurer's denial of benefits on the ground that medical expenses were not necessarily incurred from the burden of producing *prima facie* evidence that the claimed expenses were necessarily incurred. To the contrary, a demonstration of "necessity" is a predicate for all of plaintiffs' legal arguments regarding the propriety of defendants' claims review process. *See* ORS 742.524(1)(a) (1999) (defining PIP benefits as all "reasonable and necessary expenses of medical, hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the person's injury, but not more than $10,000 in the aggregate for all such expenses of the person").[5] Accordingly, we first address defendants' contention that plaintiffs failed to adduce proof of a necessary element to each of their claims, namely, that their medical expenses were necessarily incurred.

In their summary judgment submissions, plaintiffs proffered their medical bills as proof that the services performed were reasonable and necessary. The trial court concluded, however, that the "bills themselves are not admissible as proof that the services rendered were reasonable and necessary." Accordingly, the court concluded that plaintiffs had failed to produce evidence necessary to establish an element of each of their claims and that defendants were entitled to summary judgment. *See* ORCP 47 C (providing that the adverse party to a summary judgment motion has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial).

As discussed, plaintiffs acknowledge that they had the burden of producing *prima facie* evidence that the claimed expenses were necessary. However, plaintiffs argue that, to satisfy ourselves that the trial court erred in its ruling, we need not look beyond the legislature's command in ORS 742.520(4) that PIP benefits be paid "promptly after proof of loss has been submitted to the insurer." According to

---

[5] The PIP statutory scheme, ORS 742.518 to 742.544, was amended in 2003, Or Laws 2003, ch 813, §§ 1, 2, 4; and in 2005, Or Laws 2005, ch 341, §§ 1, 2, 4; Or Laws 2005, ch 465, §§ 2, 3. Those amendments are not relevant to this appeal. All references in this opinion are to the 1999 versions of those statutes.

plaintiffs, the submission of medical bills alone is sufficient to satisfy the "proof of loss" requirement for claims processing purposes. It follows, plaintiffs reason, that the same evidence ought to suffice to permit an inference that the expenses were necessary in an action for PIP benefits after an insurer has denied a claim. To hold otherwise, plaintiffs argue, would encourage insurers to deny PIP claims, even if the insurer "lacked a valid basis for that denial." In addition, plaintiffs argue that, because it is unprofessional conduct for a physician to charge a patient for "unnecessary treatment,"[6] the expenses at issue are presumed to be necessary by force of the evidentiary presumption that "[t]he law has been obeyed." *See* OEC 311(1)(x).

Defendants reply that plaintiffs' argument fails to account for the entire PIP statutory scheme. Defendants observe that, although a PIP insurer is required to promptly pay benefits, the PIP statutes also establish a procedure for denying a claim, and specify a particular time frame during which a denial must be made. Defendants assert that an insured's burden to prove that medical expenses were reasonable and necessary is discharged only if the insurer fails to deny the claim within 60 days of receiving it. Because it is undisputed that defendants denied plaintiffs' claims within 60 days of receiving them, defendants assert that the burden to establish the reasonableness and necessity of the expenses remained on plaintiffs, and evidence that the expenses were incurred, standing alone, was insufficient to prove that element.

In support of their respective positions, the parties properly focus on several statutes in the PIP statutory scheme, ORS 742.518 to 742.544. In reviewing those statutes, our responsibility is to discern the intent of the legislature by first examining their text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). If the text and context are clear, our inquiry ends. *Id.* at 611.

---

[6] For the first time in their reply brief on appeal, plaintiffs identify ORS 677.188 as a statutory source of that duty.

ORS 742.520(1) requires every motor vehicle policy covering a private passenger motor vehicle to provide personal injury protection benefits to the insured, members of the insured's family residing in the insured's household, passengers in the insured motor vehicle, and pedestrians struck by the insured motor vehicle. As discussed, ORS 742.524(1)(a) defines PIP benefits as all "reasonable and necessary expenses of medical, hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the person's injury, but not more than $10,000 in the aggregate for all such expenses of the person." ORS 742.520(4) requires insurers to pay PIP benefits "promptly after proof of loss has been submitted to the insurer." However, ORS 742.524(1)(a) allows an insurer to request additional information from the insured's health care provider within 50 days of receiving a provider's claim, and it affords the insurer 60 days from the date the provider submits a claim for services within which to deny the claim. ORS 742.528 requires the insurer to provide the insured with written notice of the denial within 60 calendar days of receiving a claim from the provider; the written notice must state the reason for the denial and inform the insured of the method for contesting the denial. ORS 742.520(6) authorizes the resolution of disputes concerning an insurer's denial of PIP benefits "by arbitration if mutually agreed to at the time of the dispute." Conversely, if the insurer fails to deny the provider's claim within 60 days of receiving the claim, the expenses "shall be presumed to be reasonable and necessary." ORS 742.524(1)(a).

With the pertinent statutory framework in mind, we turn to the parties' arguments. We agree with plaintiff that an insured can meet the initial burden to establish that medical expenses were necessary in a proof of loss submitted for claim processing purposes under ORS 742.520(4) by submitting no more than evidence that the expenses were incurred. That is so because, should the insurer fail to deny a claim for medical expenses within 60 days of receiving the claim, in any ensuing action or arbitration proceeding, the mere existence of the expenses gives rise to a presumption that they were necessary. ORS 742.524(1)(a). As discussed, the statutory presumption does not apply where, as here, the insurer

timely denied the claim. *Id.* However, that circumstance does not conclusively answer plaintiffs' argument that evidence that rejected medical expenses were incurred gives rise to a *permissible inference* that the expenses were necessary.

The PIP statutes do not speak directly to that issue. When the attributes of a statutory term are not defined, our inquiry into the text and context of the pertinent statutes is not limited to their words, but it extends to rules of construction "that bear directly on how the text of the statute[s] should be read." *State v. Williams,* 127 Or App 574, 578, 873 P2d 471, *rev den,* 319 Or 274 (1994). In *Williams,* we explained that one such rule of construction is "that a statutory term that had a fixed and definite meaning at common law is presumed to have been used in its common law sense." *Id.* at 578. The term "reasonable medical expenses" has well-established proof requirements in Oregon common-law personal injury claims. The plaintiff in a personal injury claim may "recover, as a part of his damages, his *reasonable* expenses for medicines and medical treatment, but there must be some evidence that the charges are reasonable." *Tuohy v. Columbia Steel Co.,* 61 Or 527, 532, 122 P 36 (1912) (emphasis added); *see also Pinder v. Wickstrom,* 80 Or 118, 120, 156 P 583 (1916) (holding that in making proof of medical expenses incurred, it was necessary to show that they were reasonable).

This court recently applied that principle in *Lea v. Farmers Ins. Co.,* 194 Or App 557, 560, 96 P3d 359 (2004). In *Lea,* the plaintiff sued his uninsured motorist coverage insurance carrier to recover medical expenses that he incurred in an accident, caused by an uninsured motorist. At trial, the plaintiff offered his medical bills into evidence. *Id.* at 561. At the close of the evidence, the defendant moved to strike the plaintiff's claim for medical expenses on the ground that the plaintiff had failed to prove their reasonableness and necessity. Relying on *Tuohy,* we held that Oregon case law was "unequivocal" in requiring proof of the reasonableness of medical expenses incurred as damages. And, despite the evidence of the plaintiff's medical bills, we held that there was *no evidence* from which a trier of fact could infer that the expenses were reasonable. *Id.* at 559-61. We further stated:

"[P]laintiff argues that we should adopt the rule that evidence of the amount of the expenses is itself evidence of their reasonableness because modern jurors, unlike those in the *Tuohy* era, can be presumed to know what is or is not reasonable because of their own experience. That argument is also unpersuasive; indeed, given the proliferation in treatment modalities and the fact that a significant number of medical expenses today are paid by insurance companies and not individuals, we would conclude that a contemporary juror may be less capable of knowing what charges are reasonable than was a juror in 1912. We therefore conclude that the trial court erred in denying defendant's motion to strike the claim for damages for medical expenses."

*Id.* at 560-61. In sum, at common law and, specifically, in personal injury cases, proof that medical expenses were incurred does not give rise to an inference that the expenses were reasonable. Logically, the same principles apply to the determination whether such expenses were medically necessary.[7]

Plaintiffs remonstrate that there is a practical difference between the recovery of medical expenses in actions for PIP benefits against a first-party insurer and the recovery of such expenses as damages in the common-law tort system. According to plaintiffs, because the legislature intended to create a streamlined and inexpensive method of resolving PIP claim disputes, a lower evidentiary burden should obtain in proving the reasonableness of medical expenses in such disputes. We disagree. Although the PIP statutes provide for a streamlined procedure for resolving disputes between insured and insurer, when an insurer rejects a claim for medical expenses, the claimed expenses are not "presumed to be reasonable and necessary." ORS 742.524(1)(a). Even though, as plaintiffs observe, there is a difference between a presumption and an inference, the statutory framework plainly puts a claimant to his or her proof in such circumstances and, in so doing, it is logical to conclude that the legislature had in

---

[7] Plaintiffs rely on *Chopp v. Miller*, 264 Or 138, 504 P2d 106 (1972), for their contrary view. However, that case is distinguishable. In *Chopp*, a chiropractor "testified to the extent of plaintiff's injuries, their cause, his treatment for these injuries, and the manner in which [the plaintiff] responded." *Id.* at 142. The court stated that a jury could infer the necessity of the treatment from that testimony. However, a medical bill, without the attendant testimony of an expert witness, does not give rise to a similar inference.

mind the common-law proof requirements for reasonable and necessary medical expenses.[8] Accordingly, we reject plaintiffs' argument that, when a PIP insurer denies a claim for medical expenses on the ground that they were not necessarily incurred, evidence that the expenses were incurred is sufficient to create a permissible inference that they were necessary.

■      Alternatively, plaintiffs assert that OEC 311(1)(x) created a presumption that the claimed expenses were necessary. For two reasons, we reject that argument. First, as discussed, a specific PIP statute, ORS 742.524(1)(a) provides by negative implication that, when a PIP claim is timely rejected by the insurer, there exists no presumption that the claimed expenses were reasonable and necessary. Thus, even if the evidentiary presumption would be sufficient to create a triable issue of fact in a different context, the more specific PIP statute vitiates any such presumption. *See* ORS 174.020(2) ("When a general and particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent."); *PGE*, 317 Or at 611 (explaining use of canons of construction in first-level analysis).

Second, the abstract evidentiary presumption on which plaintiffs rely does not attach in circumstances such as these. Our decision in *SAIF v. Barkman*, 101 Or App 20, 789 P2d 8 (1990), illustrates the point. In that case, the issue on appeal was whether a party's covenant not to sue was given in good faith. We rejected the argument that the existence

---

[8] Plaintiffs rely on decisions by New York and Ohio courts holding that evidence of medical bills is sufficient to establish the necessity or reasonableness of charges for medical services. Under the New York statutes, submitted statutory forms are sufficient to establish a PIP claim for medical expenses for summary judgment purposes. *See Oceanside Medical Healthcare, P.C. v. Progressive Insurance*, No 50188(U), WL 1013008 (New York City Civ Ct, May 9, 2002). However, New York's statutory scheme is very different from Oregon's, and court decisions construing that state's statutes are of little help in the present case. Likewise, Ohio law expressly allows a plaintiff to meet the burden of proving the reasonableness of medical expenses through the admission in evidence of medical bills. *See* Ohio Rev Code Ann § 2317.421 (2005). Oregon has no comparable statutory provision. If that is a flaw in the Oregon statutory framework, the remedy lies in the hands of the legislature.

of the contract containing the covenant gave rise to a presumption that it was made in good faith:

> "The issue is whether [the third-party defendants] made the necessary showing, in support of its motion, that SAIF's covenant was 'given in good faith.' [The third-party defendants] argue[ ] that the agreement itself was evidence of good faith, because:
>
>> " 'The agreement notes the dispute between the parties and references the litigation underlying the agreement. It further provides for the distribution of real property and other assets, such as contingent claims against others, to SAIF Corporation in exchange for covenants not to sue or enforce judgment against [the third-party defendants]. On its face, the covenant was executed in exchange for valuable consideration by both parties.
>>
>> " 'Under the Oregon Rules of Evidence, it is presumed that private transactions have been fair and regular, ORE 311(1)(L), that the ordinary course of business has been followed, ORE 311(1)(m) and that the law has been obeyed, ORE 301(1)(x). Under Oregon law, an unrebutted presumption has the force of substantive evidence.'
>
> "Defendants cite Kirkpatrick, *Oregon Evidence* 59 (1982), and fervently dispute [the third-party defendants'] understanding that an unrefuted presumption is 'substantive evidence.' Be that as it may, we do not think that the presumptions cited by [the third-party defendants] are relevant to the substantive question of 'good faith' under ORS 18.455. That discrete fact, which the statute makes a condition to discharge from liability for contribution, requires more direct proof than the abstract presumptions of obedience to law, fairness and regularity and adherence to the ordinary course of business can supply. We are also unable to agree that the settlement agreement itself can furnish an inference that the covenant it contains was given in good faith. Direct evidence of the fact was necessary and was not produced, and the court erred by granting summary judgment on the contribution claim."

*Id.* at 25-26 (citations omitted). So, too, here, the discrete fact that medical expenses were necessary "requires more direct proof than the abstract presumption[ ] of obedience to law" can supply. *Id.* at 26. Accordingly, we reject plaintiffs' alternative argument as well.

In sum, we conclude that, when a PIP insurer timely rejects a medical expense claim on the ground that it was not necessarily incurred, the production of evidence that the expense was incurred does not, by itself, satisfy the statutory requirement for proof that the expense was necessary.

Finally, to the extent that plaintiffs relied on provisions of their insurance policies, rather than provisions of the PIP statutes, our conclusion remains the same. Under their policies, plaintiffs had PIP coverage for their "reasonable and necessary" medical expenses. Plaintiffs' policy provisions mirror the language of ORS 742.524(1)(a).[9] Plaintiffs do not contend that the texts and contexts of their policies meaningfully inform our understanding of the term and its attributes, nor do they contend that the term, as used in their policies, has a different meaning or attributes from the ordinary meaning and attributes applicable to the statutory term. Nor do we discern any such differences. Accordingly, we conclude that the policy meaning and attributes of the term mirror its statutory meaning and attributes, and the evidence necessary to prove that element is the same in both instances. Because plaintiffs failed to adduce evidence from which a trier of fact could infer that the claimed expenses were necessarily incurred, the trial court did not err in granting summary judgment in favor of defendants.

Affirmed.

---

[9] ORS 742.532 allows the parties to provide greater PIP benefits than required by statute. Plaintiffs do not assert that their policies did so, however.